Filed 1/16/26  In re J.M. CA5

<u>**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| In re J.M., a Person Coming Under the Juvenile Court Law. | |
| TUOLUMNE COUNTY DEPARTMENT OF SOCIAL SERVICES,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>K.M.,<br><br>Defendant and Appellant. | F089918<br><br>(Super. Ct. No. JV8425)<br><br>**OPINION** |

## THE COURT[*]

APPEAL from an order of the Superior Court of Tuolumne County.  Hallie Gorman Campbell, Judge.

Jesse Frederic Rodriguez, under appointment by the Court of Appeal, for Defendant and Appellant.

Christopher Schmidt, Acting County Counsel, Katherine Klem, Deputy County Counsel, Gordon-Creed, Kelley, Holl & Sugerman LLP, Jeremy Sugerman, and Anne H. Nguyen, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Levy, Acting P. J., Detjen, J. and Harrell, J.

Appellant K.M. (mother) is the mother of J.M. (the child), who is the subject of this dependency case. Mother challenges the juvenile court's order issued at a Welfare and Institutions Code section 366.26[1] hearing that resulted in her parental rights being terminated. Mother contends the court and the Tuolumne County Department of Social Services (department) failed to comply with the duty to inquire under the Indian Child Welfare Act (ICWA).[2] The department concedes that it failed to conduct an adequate inquiry, and it does not oppose remand for the limited purpose of conducting further ICWA inquiry. We agree with the parties and conditionally reverse the court's order terminating parental rights and remand for proceedings to ensure ICWA compliance.

## FACTUAL AND PROCEDURAL BACKGROUND[3]

In September 2023, the department filed an original petition alleging the child was described by section 300, subdivisions (b)(1) and (g). The allegations involved mother's substance abuse and inadequate living conditions. The whereabouts of the child's alleged father, Aaron H. (father), were unknown. The child was taken into protective custody by the department.

At the detention hearing held on September 25, 2023, mother reported possible Indian ancestry through the child's maternal family. The child was detained from mother's custody, and a jurisdiction hearing was set for October 16, 2023. Mother informed the department that the Cherokee tribe was the source of her family's Indian

---

[1] All further undesignated statutory references are to the Welfare and Institutions Code.

[2] "[B]ecause ICWA uses the term 'Indian,' we do the same for consistency, even though we recognize that other terms, such as 'Native American' or 'indigenous,' are preferred by many." (*In re Benjamin M.* (2021) 70 Cal.App.5th 735, 739, fn. 1, disapproved in part on another ground in *In re Dezi C.* (2024) 16 Cal.5th 1152, fn. 18 (*Dezi C.*).)

[3] The sole issue on appeal concerns ICWA; therefore, we primarily restrict our facts to those bearing on that issue.

ancestry on October 9, 2023.  Mother also completed a Parental Notification of Indian Status form (form ICWA-020), which indicated she had Cherokee ancestry through her maternal grandmother.

The department's jurisdiction report recommended the allegations in the original petition be found true.  The juvenile court sustained the allegations in the petition on October 16, 2023, and the disposition hearing was set for November 6, 2023.  The disposition report recommended the child remain in out-of-home care and family reunification services be provided to mother.  Mother did not maintain consistent communication with the department, and she admitted to having a substance abuse problem.

The child's maternal grandmother was identified as an approved resource parent.  In October 2023, a social worker contacted the maternal grandmother, but she was unable to take placement of the child.  There was no indication the maternal grandmother was asked about possible Indian ancestry during the conversation.  The social worker attempted to contact the maternal aunt for placement consideration, but her efforts were not successful.  At a continued disposition hearing held on January 18, 2024, mother was ordered to comply with the family reunification case plan, and a six-month review hearing was set for July 15, 2024.  The court also found there was no reason to know the child was an Indian child.

The report for the six-month review hearing recommended family reunification services be terminated and a section 366.26 hearing be set.  The ICWA status section of the report detailed mother's previous disclosure of Cherokee ancestry without any further information.  Mother failed to make substantial progress in her case plan and consistently visit with the child.  Father's whereabouts remained unknown through the review period.  On August 26, 2024, family reunification services were terminated for mother, and a section 366.26 hearing was set for the child on December 9, 2024.

The section 366.26 report, dated November 27, 2024, recommended the juvenile court terminate the parental rights of mother and father and order a permanent plan of adoption for the child. The child was placed with paternal relatives who were committed to providing an adoptive home. The ICWA status section of the report detailed mother's previous disclosure of Cherokee ancestry. A department legal clerk left a message for the maternal grandmother. In November 2024, father provided the legal clerk with his current address, and he requested a paternity test to determine if he was the child's father. Father reported Indian ancestry through an unknown Alaskan tribe.

On December 3, 2024, a Notice of Child Custody Proceedings for Indian Child (form ICWA-030) was sent to the Ottawa Tribe of Oklahoma and the Bureau of Indian Affairs (BIA) on behalf of the child. The notice included information regarding father's possible ancestry through the Ottawa Tribe of Oklahoma. The biological relative information detailed the name and date of birth for mother, father, paternal grandparents, paternal uncles, paternal great aunts, and paternal great-grandparents. The name of mother's biological mother, R.C., was listed with an unknown date of birth and address.

On December 4, 2024, the department was advised to contact the three federally recognized Cherokee tribes and Ottawa Tribe of Oklahoma directly. The legal clerk sent inquiry letters to each of the tribes on the same date, and the tribes did not respond. Additional inquiry letters were sent to the tribes on February 11, 2025. At a continued section 366.26 hearing held on March 17, 2025, the department's counsel informed the juvenile court that no responses were received from the tribes. The court continued the section 366.26 hearing to April 29, 2025, to allow additional time for responses to the inquiry letters.

In an addendum report, dated April 25, 2025, the department provided documentation of its contacts with the BIA and tribes. Each of the Cherokee tribes responded with letters indicating the child was neither a member nor eligible for membership in their tribe. The legal clerk sent multiple emails to the Ottawa Tribe of

4.

Oklahoma in February 2025 and April 2025, but a response had not been received from the tribe.

At the continued section 366.26 hearing, the juvenile court terminated parental rights and selected a plan of adoption for the child. The court made no findings regarding the potential application of ICWA as to the child at the hearing.

## DISCUSSION

Mother contends a conditional reversal is required because the department failed to comply with its duties of initial inquiry. Mother argues the record was insufficient to support the juvenile court's ICWA finding because there was no documentation of an inquiry of all identified family members.

### A. Applicable Law

ICWA reflects a congressional determination to protect Indian children and to promote the stability and security of Indian tribes and families by establishing minimum federal standards that a state court, except in emergencies, must follow before removing an Indian child from his or her family. (25 U.S.C. § 1902; see *In re Isaiah W.* (2016) 1 Cal.5th 1, 7–8.) An " 'Indian child' " is defined in ICWA as an unmarried individual under 18 years of age who is either (1) a member of a federally recognized Indian tribe, or (2) is eligible for membership in a federally recognized tribe and is the biological child of a member of a federally recognized tribe. (25 U.S.C. § 1903(4) & (8); see § 224.1, subd. (a) [adopting federal definitions].)

Under ICWA's state analogue, the California Indian Child Welfare Act (§ 224 et seq.) (Cal-ICWA), "courts and child welfare agencies are charged with 'an affirmative and continuing duty to inquire whether a child … is or may be an Indian child' in dependency cases." (*Dezi C.*, *supra*, 16 Cal.5th 1112, 1125; § 224.2, subd. (a); Cal. Rules of Court, rule 5.481(a).)[4] The continuing duty to inquire whether a child is or may be an

---

[4] All further references to rules are to the California Rules of Court.

Indian child "can be divided into three phases: the initial duty to inquire, the duty of further inquiry, and the duty to provide formal ICWA notice." (*In re D.F.* (2020) 55 Cal.App.5th 558, 566.)

The initial duty to inquire arises at the referral stage when the reporting party is asked whether it has "any information that the child may be an Indian child." (§ 224.2, subd. (b)(1).) Once a child is received into temporary custody, the initial duty to inquire includes asking the child, parents, legal guardian, extended family members, and others who have an interest in the child whether the child is, or may be, an Indian child. (§§ 224.2, subd. (b)(2), 306, subd. (b).) The juvenile court has a duty at the first appearance of each parent to ask whether they "know or have reason to know that the child is an Indian child." (§ 224.2, subd. (c).) The court must also require each parent to complete form ICWA-020. (Rule 5.481(a)(2)(C).)

Next, a duty of further inquiry arises when the department or the juvenile court has "reason to believe" the proceedings involve an Indian child but "does not have sufficient information to determine that there is reason to know that the child is an Indian child." (§ 224.2, subd. (e).) As recently clarified by the Legislature, a "reason to believe" exists when the court or department "has information suggesting that either the parent of the child or the child is a member or citizen, or may be eligible for membership or citizenship, in an Indian tribe." (*Id.*, subd. (e)(1).)

If there is a reason to believe an Indian child is involved, the juvenile court or the department "shall make further inquiry regarding the possible Indian status of the child, and shall make that inquiry as soon as practicable." (§ 224.2, subd. (e).) Further inquiry includes, but is not limited to, "[i]nterviewing the parents, Indian custodian, and extended family members," and contacting the BIA, the State Department of Social Services, and the tribes and any other person who may have information. (§ 224.2, subd. (e)(2)(A)–(C).)

The final duty component arises when the juvenile court or department has " 'reason to know' " the child is an Indian child. (*In re D.F.*, *supra*, 55 Cal.App.5th at p. 567.) A "reason to know" exists if one of the following circumstances is present: "(1) A person having an interest in the child … informs the court that the child is an Indian child[;] [¶] (2) The residence … of the child [or] the child's parents … is on a reservation or in an Alaska Native village[;] [¶] (3) Any participant in the proceeding … informs the court that it has discovered information indicating that the child is an Indian child[;] [¶] (4) The child … gives the court reason to know that the child is an Indian child[;] [¶] (5) The court is informed that the child is or has been a ward of a tribal court[; or] [¶] (6) The court is informed that either parent or the child possess[es] an identification card indicating membership or citizenship in an Indian tribe." (§ 224.2, subd. (d)(1)–(6).)

If the juvenile court makes a finding that proper and adequate further inquiry and due diligence have been conducted and there is no reason to know whether the child is an Indian child, the court may make a finding that ICWA does not apply, subject to reversal if the court subsequently receives information providing reason to believe the child is an Indian child. If the court receives such information, it must direct the social worker to conduct further inquiry. (§ 224.2, subd. (i)(2).)

### B. Standard of Review

We review the juvenile court's finding that there is no reason to know whether a child is an Indian child under a substantial evidence standard, and the court's finding that the department has conducted a proper and adequate inquiry and due diligence for abuse of discretion. (*In re K.H.* (2022) 84 Cal.App.5th 566, 600–601; *In re Ezequiel G.* (2022) 81 Cal.App.5th 984, 1004–1005.)

Regarding the juvenile court's discretion in evaluating the department's inquiry efforts, this court explained in *K.H.*, "so long as the [department] conducts a reasonable inquiry and documents its results, the juvenile court will have the room to exercise its

7.

discretion in determining whether the [department's] efforts are sufficient to satisfy the mandates of ICWA and related California law." (*In re K.H.*, *supra*, 84 Cal.App.5th at p. 604.) "The [department's] inquiry must extend far enough to reasonably ensure that if there is information the child is or may be an Indian child, that information is gathered." (*Ibid.*)

An inadequate inquiry requires conditional reversal of the juvenile court's order terminating parental rights with directions to the child welfare department to conduct an adequate inquiry, supported by record documentation. (*Dezi C.*, *supra*, 16 Cal.5th at p. 1136.)

### C. Analysis

Pursuant to its duty under section 224.2, the juvenile court inquired of mother regarding her knowledge of Indian ancestry in her family. The child's mother reported Cherokee ancestry through her maternal grandmother. Letters of inquiry were sent to the Cherokee tribes by the department, and none of the tribes responded that the child was eligible for membership in their tribe. The child's father also disclosed Indian ancestry through an unknown Alaskan tribe. The department sent a notice to the Ottawa Tribe of Oklahoma, but a response was not received to the notice. Based upon this information, the court found ICWA was not applicable. However, the department was required under section 224.2, subdivision (b) to ask available extended family members about the child's possible Indian ancestry.

Extended family members include adults who are the child's stepparents, grandparents, siblings, brothers- or sisters-in-law, aunts, uncles, nieces, nephews, and first or second cousins. (25 U.S.C. § 1903(2); § 224.1, subd. (c).) Given the department's concession, we accept that the child's maternal grandmother was readily available for an inquiry. Under the circumstances, we conclude the department did not fulfill its statutory duty of inquiry. (§ 224.2, subd. (b).)

As a result, the juvenile court's finding that ICWA did not apply was not supported by substantial evidence that the department conducted an adequate, proper, and duly diligent inquiry, and its contrary conclusion was an abuse of discretion. Thus, we conditionally reverse and remand "with directions for the child welfare [department] to comply with the inquiry requirement of section 224.2, document its inquiry in compliance with rule 5.481(a)(5), and when necessary, comply with the notice provision of section 224.3." (*Dezi C.*, *supra*, 16 Cal.5th at p. 1136.)

## DISPOSITION

The juvenile court's orders terminating parental rights are conditionally reversed. The matter is remanded to the court for the limited purpose of ensuring compliance with the inquiry and documentation provisions set forth in section 224.2 and rule 5.481. If, after determining that a proper, adequate, and duly diligent inquiry was made, the court concludes that ICWA does not apply, then the court shall reinstate its orders terminating parental rights. If, instead, the court concludes that ICWA applies, then the court shall proceed in conformity with ICWA and Cal-ICWA.